**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

-------------------------------------------------------------  X

**IN RE SYNGENTA MASS TORT ACTIONS**

-------------------------------------------------------------   **Judge David R. Herndon**

**This Document Relates to:**

*Poletti et al. v. Syngenta AG et al.* No. 3:15-cv-01221-DRH

*Brase Farms, Inc. et al. v. Syngenta AG et al.* No. 3:15-cv-01374-DRH

*Wiemers Farms, Inc. et al v. Syngenta AG et al.* No. 3:15-cv-01379-DRH

**ORDER SETTING SCHEDULING CONFERENCE**

**HERNDON, District Judge:**

**As a preliminary matter, the presumptive trial month for the above captioned cases shall be December, 2017.**

Pursuant to SDIL-LR 16.2(a) and Federal Rules of Civil Procedure 16(b) & 26(f), an initial pretrial scheduling and discovery conference was set before the Honorable David R. Herndon in a prior order for February 18, 2016 at 9:00 A.M. At the scheduling conference counsel will be expected to discuss all matters covered by Fed. R. Civ. P. 16(b) and 26(f), to include those matters set forth below, as well as all matters set forth in the Joint Report and Proposed Scheduling and Discovery Order.

The parties are to submit a Joint Report and Proposed Scheduling and

Discovery Order using the form provided in the Local Rules, seven days before the conference.  The Joint Report and Proposed Scheduling and Discovery Order shall be e-mailed to DRHpd@ilsd.uscourts.gov.

**Meeting of Counsel:  NOTICE: THE COURT DIRECTS THE PARTIES TO REVIEW THE CHANGES TO THE FEDERAL RULES OF CIVIL PROCEDURE, EFFECTIVE DECEMBER 1, 2015.**  Pursuant to Fed. R. Civ. P. 26(f), prior to the date for submission of the joint proposed scheduling plan set forth below, counsel for the parties shall meet to discuss the following issues, which will also be addressed with the Court at the scheduling conference:

- The nature and basis of the parties' claims and defenses,

- The Joint Report of the Parties and the proposed discovery plan;

- The potential for early settlement of the case (the parties should expect the Court to enter an order requiring them to meet regularly with a Special Master for the purpose of mediation beginning very soon after the conference and to discuss this requirement at the conference);

- The complexity of the case;

- The formulation of a proportional discovery plan, pursuant to Fed. R. Civ. P. 26(b), including the scope and nature of any burdens associated with the preservation, retrieval, review, disclosure, and production of discoverable information relative to the likely benefit of the proposed discovery

- Any limitations on the use of the various discovery devices that may be agreed to by the  parties or ordered by the Court;

- Costs, if any, the parties may be willing to share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor (if applicable), or other cost-saving measures;

- Any issues relating to disclosure or discovery of electronically stored

Page **2** of **4**

information, including–

    (i)      the form or forms in which it should be produced,

    (ii)     the topics for such discovery and the time period for which such discovery will be sought,

    (iii)    the various sources of such information within a party's control that should be searched for electronically stored information, and

    (iv)    whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the Court to include their agreement in an order, and

- Any issues relating to claims of privilege or of protection as trial-preparation material, including- if the parties agree on a procedure to assert such claims after production- whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502;

- Any issues relating to the necessity of entering a protective order pursuant to Federal Rule of Civil Procedure 26(c).

- The possibility of simplifying and narrowing the issues in the case;

- The deadlines for amendments to the pleadings, including the filing of third-party complaints, which deadline shall be no later than **90 days** following this conference;

- The filing of potential motions and a schedule for their disposition, including the cut-off date for filing dispositive motions, which date shall be no later than **100 days** before the first day of the month of the presumptive trial date;

- The cut-off date for completion of all discovery including experts' discovery, which date shall be no later than **115 days** before the first day of the month of the presumptive trial date;

- The scheduling of one or more additional case management

conferences prior to the final pretrial conference. The Court is willing to meet regularly with the parties for case management conferences.

**IT IS SO ORDERED.**
**DATED:** January 4, 2016

Digitally signed by
Judge David R. Herndon
Date: 2016.01.04
14:42:32 -06'00'

UNITED STATES DISTRICT JUDGE

Forms referenced in this document are available, free of charge, downloadable from the district court web site at www.ilsd.uscourts.gov or from the Clerk's Office for a fee.